## UNION BANK OF LOUISIANA *v.* THE EXECUTORS OF JOHN McDONOGH.

Creditors of a succession ought not to be delayed, after the brief interval prescribed by the law for the payment of their claim, on the ground that the interest of legatees would be benefited by doing so. On the application of a creditor who is unnecessarily delayed, the court will order a sale of property to pay the debt.

UNION BANK OF LOUISIANA *v.* McDONOGH.

**By the Court:** As the estate is admitted on all hands to be enormously rich, there seems no objection to providing for the payment of this particular creditor, without directing the usual formality of a tableau of distribution.

APPEAL from the Fifth District Court of New Orleans; *Buchanan*, J. *H. R. Denis*, for the plaintiff. *Pierce* and *Grivot*, for defendant. By the court:

SLIDELL, J. The district judge has given at length his reasons for refusing in part an order asked by the Union Bank, which corporation holds a note of *McDonogh* for $50,000, protested for non-payment on the 4th January, 1852. The application was for an order to the executors to sell foř cash movable effects of the succession to a sufficient amount to pay the said claim. The decree ordered the sale of certain movables in the Orleans Theatre, which were subject to the vendor's privilege in favor of the bank for this debt, and also of certain other movables specified in the decree; and also of certain real estate specially mortgaged to secure the payment of the note, but discharged the note so far as it asked any further sale.

The duty of a living man is to pay his debts before making donations; and the same principle of justice applies in the administration of a dead man's estate.

His debts take precedence of his legacies, be those legacies valid or invalid; and his creditors ought not to be delayed after the brief interval prescribed by the law, because the interests of legatees may be benefited by so doing. *A fortiori*, should there be no delay for the sake of the supposed interests of legatees, whose rights are in litigation and undecided.

While we do not think proper, under the circumstances of the case, to disturb the order of the district judge, so far as it commands the property mentioned in the decree to be first sold, and so pay as far as it will go the debt due to the plaintiffs, we at the same time think that by reason of the acknowledged insufficiency of that property to pay the whole debt, and the right of the creditor to a prompt satisfaction of a debt matured, the district judge should have gone further and made a simultaneous provision to pay the plaintiffs in full. This provision we feel bound to make by an amendment of the decree. C. C. 1661.

It is proper to add, that as the estate is admitted on all hands to be enormously rich, there seems no objection to providing for the payment of the particular creditors, without directing the usual formality of a tableau of distribution, &c. The bank is the only creditor before us who presses for payment. We do not consider ourselves called upon, as the matter is presented and as no answer to the appeal has been filed by the appellees, to notice any other claims. When other creditors choose to act, the court below is open for their relief. We do not doubt but that the district judge, in accordance with the views we have expressed, will promptly accord it. There may be creditors who are satisfied with the interest their debts are drawing, and prefer to let them stand.

It is therefore decreed, that the judgment of the court below be so amended, as that the said executors do cause to be forthwith advertised for public sale the bonds of Municipality Number One, mentioned in the inventory; said sale to be advertised to take place on the day following the sale of the property described in the decree appealed from; and that on said above first named day, the executors do cause to be sold so many only of said bonds as may be necessary to meet said claim of the Union Bank, incurred by such previous sale, whether by reason of an insufficiency of the proceeds of said previous sale, or by reason of said previous sale being, in whole or in part, from any unforeseen or lawful cause not effected on said day. And it is further decreed, that the cost of the appeal be paid by the succession.